**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **G.R.X.** through his next friend H.R.X., **J.S.X.** through his next friend D.S.X., and **C.P.X.** through his next friend S.P.X., for themselves and those similarly situated, | **17-cv-417** |
| **PLAINTIFFS,** | |
| vs. | **ANSWER** |
| **JERRY FOXHOVEN** in his official capacity as Director of the Iowa Department of Human Services, **RICHARD SHULTS** in his official capacity as Administrator of the Division of Mental Health and Disability Services; **MARK DAY** in his official capacity as Superintendent of the Boys State Training School. | **and** **COUNTERCLAIM** |
| **DEFENDANTS.** | |

The Defendants offer the following answer, stating:

1. Deny.

2. Defendants admit that the School serves male students between 12 and 19 years of age; that they have been adjudicated 'juvenile delinquents' in a civil proceeding and ordered by an Iowa court to be placed in the custody of the State.  All allegations not specifically admitted are denied.

3. Deny.

4. Deny.

5. Deny.

6. Deny.

7. Deny.

8.  Deny.

9.  Defendants admit jurisdiction is proper.   All other allegations not specifically admitted are denied.

10. Defendants admit Defendant Foxhoven and Defendant Shults have offices in Des Moines; however, the Boys State Training School and Mark Day's principle office are located in Eldora, Iowa, which is in the Northern District of Iowa.

11. Defendants admit that G.R.X. is a sixteen-year-old African-American boy from the Des Moines, Iowa area. Defendants admit G.R.X. was admitted to the school at age 14 pursuant to an Iowa court order.  Defendants deny the balance of Plaintiffs' allegations in paragraph 11 of the Complaint for lack of information at this time.

12. Deny for lack of information at this time.

13. Defendants admit that G.R.X. was previously placed at the Boys State Training School (the "School") from July 2015 to June 2016; that beginning in June 2017, G.R.X. was placed at a specialized treatment program in Illinois for four months until he was discharged due to out of control behaviors; and that following his placement in Illinois, he returned to the School. Defendants deny the balance of Plaintiffs' allegations in paragraph 13 of the Complaint. Defendants affirmatively state that G.R.X. was ordered by the court to be discharged from the Boys State Training School.

14. Deny for lack of information at this time.

15. Deny.

16. Deny for lack of information at this time.

17. Deny for lack of information at this time.

18. Deny.

19. Defendants admit that G.R.X. has displayed aggressive or self-harming behaviors and has been placed on suicide watch and restrained for his safety and the safety of those around him. Defendants deny the balance of Plaintiffs' allegations in paragraph 19 of the Complaint.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny for lack of information at this time.

25. Admit.

26. Deny for lack of information at this time.

27. Deny for lack of information at this time.

28. Deny.

29. Deny.

30. Deny for lack of information at this time.

31. Deny.

32. Deny.

33. Defendants admit that J.S.X. has displayed aggressive or self-harming behaviors, has been placed on suicide watch; and that J.S.X. has been

restrained for his safety and the safety of others. Defendants deny the balance of Plaintiffs' allegations in paragraph 33 of the Complaint.

34. Deny for lack of information at this time.

35. Deny.

36. Deny.

37. Deny.

38. Deny for lack of information at this time.

39. Admit.

40. Deny for lack of information at this time.

41. Defendants admit that C.P.X. has engaged in aggressive or self-harming behaviors, has been placed on suicide watch, and that C.P.X. has engaged or threatened to engage in self-harm. Defendants deny the balance of Plaintiffs' allegations in paragraph 41 of the Complaint.

42. Deny.

43. Defendants admit that C.P.X.'s weight qualified as obese upon admission and that his weight has reduced to a level more normal for a boy of his height and age. Defendants deny the balance of Plaintiffs' allegations in paragraph 43 of the Complaint.

44. Deny for lack of information at this time.

45. Deny for lack of information at this time.

46. Deny for lack of information at this time.

47. Defendants admit that C.P.X. demonstrates aggressive or self-harming behaviors and that staff have been forced to intervene for his safety and

that of others. Defendants deny the balance of Plaintiffs' allegations in paragraph 47 of the Complaint.

48. Defendants admit that C.P.X. had been restrained due to his aggressive or self-harming behaviors.   All allegations not specifically admitted are denied.

49. Deny.

50. Deny.

51. Deny.

52. Deny for lack of information at this time.

53. Deny.

54. Jerry Foxhoven is the Director of the Iowa Department of Human Services, the agency designated by statute to operate the Boys State Training School.  All allegations not specifically admitted are denied.

55. Richard Shults is the Administrator of the Mental Health and Disabilities Services Division of the Department of Human Services.   The MHDS Division operates the Boys State Training School.   All allegations not specifically admitted are denied.

56. Mark Day is the Superintendent of the Boys State Training School.   All allegations not specifically admitted are denied.

57. Defendants admit that the Boys State Training School is a facility operated by the Iowa Department of Human Services; that it houses boys aged 12 to 19 who have been adjudicated delinquents; and that the facility

consists of cottages and other structures in Eldora, Hardin County, Iowa. All allegations not specifically admitted are denied.

58. Deny.

59. Iowa Code chapter 232 governs adjudication and placements of students who have committed criminal offenses.  The Iowa Juvenile Courts make placement decisions for each individual student.   All allegations not specifically admitted are denied.

60. Deny as imprecise and vague.

61. Deny.

62. Deny for lack of information at this time.

63. The composition of the population at the Boys State Training School varies over time and with the individual orders of the Iowa Juvenile Courts that place students at the School.  All allegations not specifically admitted are denied.

64. Deny for lack of information at this time.

65. Deny.

66. Deny as vague.

67. The Boys State Training School is accredited by the American Correctional Association.  The Iowa Code does not provide for licensure of the Boys State Training School by the Department of Inspections and Appeals (DIA). The Iowa Code does set forth those entities that are licensed by DIA.   DIA does investigate allegations of abuse and neglect at the Boys State

Training School pursuant to contract and administrative rule. All allegations not specifically admitted are denied.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. The Boys State Training School employs four nurses. All allegations not specifically admitted are denied.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. A suicide smock (a thick, rip proof garment) is available for student safety and warmth/modesty. Some students rip or shred their clothes and tie ripped pieces around their necks, which presents a risk of harm. All allegations not specifically admitted are denied.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny as vague.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. DRI engaged Next Steps Counseling Service to provide a review of the Boys State Training School student records and authored a report at the request of DRI.   Defendants deny the allegations the in report.   All allegations not specifically admitted are denied.

99.   Deny.

100.      Deny for lack of information at this time.

101.      Deny.

102.      Deny.

103.      Deny as vague and imprecise.

104.      Deny as vague and imprecise.

105.     Deny.

106.     Deny as vague.

107.     Deny as vague.

108.     Deny.

109.     Deny as vague.

110.     Deny as vague.

111.     Deny as vague.

112.     Deny as vague.

113.     Deny as vague.

114.     Deny as vague.

115.     Deny.

116.     Deny.

117.     Deny.

118.     Deny.

119.     Deny.

120.     Deny.

121.     Deny as vague.

122.     Deny.

123.     Deny.

124.     Deny.

125.     Deny.

126.     Deny.

127.     Deny.

128.     Deny.

129.     Deny as vague.

130.     Defendants admit that Corbett-Miller Hall contains twenty-six single person rooms capable of being locked. Defendants deny the balance of Plaintiffs' allegations in paragraph 130 of the Complaint.

131.     The Boys State Training School serves students with aggressive and/or self-harming behaviors.  There is a separate seclusion room with a window for staff observation, a sink, and a toilet.  There is a room where the soft, Velcro restraint known as "the wrap" is located.  This room also has a window through which staff observe the student.  All allegations not specifically admitted are denied.

132.     Defendants admit that the individual student rooms in Corbett-Miller Hall are entered through a steel door; that the door contains a bolted lock; that the door contains a handle on the outside of the door, facing the hallway; that the door has a window made of reinforced glass through which staff can observe the student; that there is a window to the outside through which natural light is visible; that there are not excessive gaps around the door; and that food is delivered personally by opening the door rather than through a food slot. Defendants deny the balance of Plaintiffs' allegations in paragraph 132 of the Complaint.

133.     Defendants admit that the rooms have windows; that the rooms also contain bedding and a sitting area; that some rooms contain metal sinks and toilets, while others are porcelain; that a security camera is in

the corner of the room. Defendants deny the balance of Plaintiffs'
allegations in paragraph 133 of the Complaint.

134. Deny.

135. Deny.

136. Admit. The observation cameras and windows would provide
insufficient security if the students were not visible.

137. Students are placed in the seclusion room for posing a risk of harm
to themselves or others. To ensure safety, staff search students to
remove contraband and items that could be used for self-harm. All
allegations not specifically admitted are denied.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

142. Deny.

143. Deny.

144. Deny as vague.

145. Deny

146. Deny.

147. Deny.

148. Deny.

149. Deny.

150. Deny as vague.

151.     Deny as vague.

152.     Deny as vague.

153.     Deny for lack of information at this time.

154.     Deny.

155.     The Boys State Training School does use a canvas and Velcro swaddling "wrap" that is depicted in the picture.  All allegations not specifically admitted are denied.

156.     Defendants admit that the School owns a mobile restraint board which is used as a secondary security device if the stationary wrap is in use. Students are not transported on the mobile restraint board. Defendants deny the balance of Plaintiffs' allegations in paragraph 156 of the Complaint.

157.     Defendants admit that certain students have increasingly acted in ways requiring a greater use of restraint.  Defendants deny the balance of Plaintiffs' allegations in paragraph 157 of the Complaint.

158.     Deny.

159.     Defendants admit that a member of the staff supervises and reviews students in the wrap to ensure safety and continually assess whether continued use of the wrap is necessary.  Defendants deny the balance of Plaintiffs' allegations in paragraph 159 of the Complaint.

160.     Deny.

161.     Although this is possible given the size of the building, the allegation is denied as vague.

162.    Deny.

163.    Deny as vague.

164.    Deny as vague.

165.    Deny.

166.    Deny.

167.    Deny.

168.    Defendants admit that Mr. Shults, as the division administrator for the Department of Human Services Division of Mental Health and Disability Services, is a commissioner for the National Association of State Mental Health Program Directors. Defendants deny the balance of Plaintiffs allegations in paragraph 168 of the Complaint.

169.    Deny.

170.    Deny.

171.    Deny.

172.    Deny.

173.    Defendants admit that on or about August 7, 2017, Disability Rights Iowa provided the Department of Human Services with a report regarding the School. Defendants deny the balance of Plaintiffs' allegations in paragraph 173 of the Complaint.

174.    Defendants admit that on or about August 7, 2017, the Department of Human Services received a report compiled by NSCS regarding the School.   Defendants deny the balance of Plaintiffs' allegations in paragraph 173 of the Complaint.

175.     Deny the assertions contained in the cited document(s).

176.     Deny the assertions contained in the cited document(s).

177.     Deny the assertions contained in the cited document(s).

178.     Deny the assertions contained in the cited document(s).

179.     No factual allegations requiring admission or denial are stated in paragraph 179 of the Complaint.

180.     No factual allegations requiring admission or denial are stated in paragraph 180 of the Complaint.

181.     Deny.

182.     Deny.

183.     Deny.

184.     Deny.

185.     Deny.

186.     Deny.

187.     Defendants incorporate their previous admissions and denials as set forth above.

188.     No factual allegations requiring admission or denial are stated in paragraph 188 of the Complaint.

189.     No factual allegations requiring admission or denial are stated in paragraph 189 of the Complaint.

190.     Deny.

191.     Deny.

192.     Deny.

193.     Defendants incorporate their previous admissions and denials as set forth above.

194.     No factual allegations requiring admission or denial are stated in paragraph 194 of the Complaint.

195.     Deny.

196.     Deny.

197.     Defendants incorporate their previous admissions and denials as set forth above.

198.     No factual allegations requiring admission or denial are stated in paragraph 198 of the Complaint.

199.     Deny.

200.     No factual allegations requiring admission or denial are stated in paragraph 200 of the Complaint.

201.     No factual allegations requiring admission or denial are stated in paragraph 201 of the Complaint.

202.     Deny.

203.     Deny.

204.     Deny.

205.     Deny.

206.     Deny.

207.     Deny.

208.     Defendants incorporate their previous admissions and denials as set forth above.

209.     No factual allegations requiring admission or denial are stated in paragraph 209 of the Complaint.

210.     Deny.

211.     No factual allegations requiring admission or denial are stated in paragraph 211 of the Complaint.

212.     Deny.

213.     Deny.

214.     Deny.

215.     Deny.

216.     Deny.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense – Failure to Exhaust Administrative Remedies**

1. The Prison Litigation Reform Act ("PLRA"), which applies to the instant action, requires juveniles bringing litigation to have exhausted their administrative remedies prior to bringing any action with respect to conditions of confinement. 42 U.S.C. § 1997e.

2. Plaintiffs, including members of the putative class, fall within the purview of the PLRA.

3. The School falls within the PLRA definition of a "jail, prison, or other correctional facility."

4. Upon information and belief, Plaintiffs have failed to meaningfully exhaust their administrative remedies prior to filing the instant action.

5. As a result, this Court lacks the subject matter jurisdiction to provide Plaintiffs with the relief sought.

**Second Affirmative Defense – Qualified Immunity**

6. Defendants to this action are government officials for the State of Iowa.

7. Plaintiffs' allegations concern actions undertaken by the Defendants that were pursuant to the performance of their duties and within the scope of their authority.

8. At all times, the Defendants acted in good faith and not in violation of any clearly established rights of which a reasonable person would have known, thus are entitled to Qualified Immunity.

9. The actions Plaintiffs complain of were, at the time of the Complaint, and remain discretionary in nature.

**Third Affirmative Defense – Eleventh Amendment Sovereign Immunity**

10. Defendants, as public officials of the State of Iowa, retain sovereign immunity under the Eleventh Amendment to the United States Constitution.

**Fourth Affirmative Defense – Fundamental Alteration (28 C.F.R. § 35.150(a)(3))**

11. Plaintiffs' pled-for relief, if granted, would result in a fundamental alteration to the operation and function of the School, and is therefore impermissible.

**Fifth Affirmative Defense – Failure to State a Claim**

12. Plaintiffs' first, third, and fourth causes of action rely upon a finding of discriminatory conduct or treatment by the Plaintiffs to adequately state a claim.

13. Plaintiffs' Complaint fails to adequately allege that Plaintiffs have acted with discriminatory intent or effect in the course of their duties.

**Sixth Affirmative Defense – Absolute Immunity**

14. At all times, the Defendants performed special governmental functions that are entitled to Absolute Immunity.

**Seventh Affirmative Defense – 28 C.F.R. § 35.130(h)**

15. Plaintiffs' allegations relate to legitimate safety requirements necessary for the safe operation of the School's services, programs or activities based on actual risks.

**Eighth Affirmative Defense – 18 U.S.C. § 3626**

16. Plaintiffs' pled-for relief extends further than necessary to correct any alleged violations of federal rights of the Plaintiffs.

17. Plaintiffs' requested relief is not narrowly drawn and extends further than necessary to correct any alleged violations of federal rights, and is not the least intrusive means necessary to correct the alleged violations of federal rights of Plaintiffs.

18. Plaintiffs' requested relief fails to afford substantial weight to the adverse impact on public safety and the operation of the criminal justice system caused by the relief.

**Ninth Affirmative Defense – 42 U.S.C. § 1997e(e)**

19. To the extent Plaintiffs seek relief for mental or emotional injuries suffered without a prior showing of physical injury or the commission of a sexual act, Plaintiffs' claims are precluded.

**Reservation of Right to Additional Defenses**

20. Defendants reserve their right to amend or supplement this Answer to include additional defenses as may become apparent through the course of litigation.

## COUNTERCLAIM

**Attorney's Fees**

1. As the prevailing party in an action to enforce a provision of 42 U.S.C. § 1983, Defendants will seek reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) and Fed. R. Civ. P. 54(d)(2).

2. As the prevailing party in an action commenced pursuant to 42 U.S.C. Ch. 126, Defendants will seek reasonAable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205 and Fed. R. Civ. P. 54(d)(2).

PRAYER FOR RELIEF

A. WHEREFORE, Defendants Foxhoven, Shults, and Day pray that this Court enter an order: Denying class certification to Plaintiffs pursuant to Federal Rule of Civil Procedure 23;

B. Denying all forms of relief to Plaintiffs;

C. Awarding judgment in favor of Defendants;

D. Awarding Defendants' attorney's fees pursuant to 42 U.S.C. § 1988(b) and Fed. R. Civ. P. 54(d)(2);

E. Awarding Defendants' attorney's fees pursuant to 42 U.S.C. § 12205 and Fed. R. Civ. P. 54(d)(2); and

F. For such other, further, and different relief as this Court deems just and equitable.

**THOMAS J. MILLER**
**Attorney General of Iowa**

/s/ **Gretchen Witte Kraemer**  AT0004358
gretchen.kraemer@ag.iowa.gov

/s/ **Matthew Gillespie**  AT0013513
matthew.gillespie@ag.iowa.gov

/s/ **Anagha Dixit**  AT0013042
anagha.dixit@ag.iowa.gov

Assistant Attorneys General
Hoover State Office Bldg, 2nd Floor
Des Moines, IA  50319
Tel.:  (515) 281-8330
Fax:  (515) 281-7219

ATTORNEYS FOR DEFENDANTS

I certify that the above was filed via CM/ECF on January 26, 2018.

*/s/ Matthew K. Gillespie*

Service to:

Jane Hudson
jhudson@driowa.org
Nathan Kirstein
nkirstein@driowa.org
400 East Court Avenue, Suite 300
Des Moines, Iowa 50312

Children's Rights, Inc.
Harry Frischer
Hfrischer@childrensrights.org
Joshua Rosenthal
jrosenthal@childrensrights.org
Catherine Frizell
cfrizell@childresnrights.org
88 Pine Street, Suite 800
New York, NY 10005
ATTORNEYS FOR PLAINTIFFS