IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| G.R.X. through his next friend H.R.X., J.S.X. through his next friend D.S.X., C.P.X. through his next friend S.P.X., and K.N.X. through his next friend Rachel Antonuccio, for themselves and those similarly situated, | ) ) ) ) ) | Case No. 4:17-CV-00417-SMR-HCA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY FOXHOVEN in his official capacity as Director of the Iowa Department of Human Services; RICHARD SHULTS in his official capacity as Administrator of the Division of Mental Health and Disability Services; MARK DAY in his official capacity as Superintendent of the Boys State Training School, | ) ) ) ) ) ) ) ) | ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |
| | ) | |
| Defendants. | ) | |

Plaintiffs G.R.X., J.S.X., C.P.X., and K.N.X. brought this action on behalf of a putative class of individuals at the Boys State Training School ("the School") in Eldora, Iowa. Plaintiffs allege Defendants Jerry Foxhoven, Richard Shults, and Mark Day maintain unconstitutional and illegal treatment practices with respect to the juveniles at the School who have significant mental illnesses. Defendants filed this Motion for Partial Summary Judgment on the claims of G.R.X. [ECF No. 27]. Defendants argue G.R.X. has been discharged from the School and consequently lacks standing to pursue the injunctive and declaratory relief sought in this action. As explained below, the Court DENIES Defendants' motion.

## I.  BACKGROUND

The School is a state institution for male juveniles that have been adjudicated delinquent. *See* Iowa Code § 232.52.   Juveniles can be placed at the School for an indeterminate period of time. *See id.* § 232.53. The population of juveniles at the School ranged from 90 to 123 juveniles during the months of January to July 2017.  During that same time period, between 10 and 17 juveniles were discharged from the School each month; 87 juveniles in total were discharged.  The School discharged 125 juveniles in state Fiscal Year 2017.  The School calculates that the average lengths of stay for the calendar years of 2015, 2016, and 2017 were 9.47 months, 10.07 months, and 10.31 months respectively.

G.R.X. was first adjudicated delinquent in April 2014. G.R.X. has had a number of juvenile delinquency placements. G.R.X. was previously placed at the School for eleven months between July 2015 and June 2016.  The School discharged G.R.X. in June 2016.  G.R.X. was then placed at the School again in January 2017.   G.R.X. remained at the School for approximately eleven months until his discharge from the School on December 14, 2017.

In November 2017, Plaintiffs G.R.X., J.S.X., and C.P.X. filed their Class Action Complaint, which alleges causes of actions under: (1) the Substantive Due Process Clause of the Fourteenth Amendment; (2) the Cruel and Unusual Punishment Clause of the Eighth Amendment; (3) the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and (4) Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  [ECF No. 1]. Plaintiffs seek injunctive and declaratory relief. Plaintiffs later filed an Amended Class Action Complaint reflecting the fact that G.R.X. had been released and adding K.N.X. as a named plaintiff.   [ECF No. 33].  Defendants move for summary judgment on the claims of G.R.X. due to his discharge from the School.  [ECF No. 27].

## II.  LEGAL STANDARD

"Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Paulino v. Chartis Claims, Inc.*, 774 F.3d 1161, 1163 (8th Cir. 2014); *accord* Fed. R. Civ. P. 56(a).  "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Doe v. Hagar*, 765 F.3d 855, 860 (8th Cir. 2014) (quoting *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011)).  The moving party bears the burden of demonstrating there are no genuine issues of material fact. *Gibson v. Geithner*, 776 F.3d 536, 539 (8th Cir. 2015).  Courts must view "the facts in the light most favorable to the nonmoving party and giv[e] that party the benefit of all reasonable inferences that can be drawn from the record." *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015) (quoting *Johnson v. Wells Fargo Bank, N.A.*, 744 F.3d 539, 541 (8th Cir. 2014)).

## III.  ANALYSIS

Defendants argue G.R.X.'s discharge from the School vitiates his standing to seek injunctive and declaratory relief.  Plaintiffs respond that the claims involved in this action are inherently transitory and that G.R.X's claim is capable of repetition yet evading review.

First, the Court must address an issue that appears to be of some confusion.  The question before the Court is one of mootness, not standing.  Though interrelated, these doctrines present distinct concerns. *Dunn v. Dunn*, 148 F. Supp. 3d 1329, 1333 (M.D. Ala. 2015).  In distinguishing between mootness and standing, the United States Supreme Court has explained that "[m]ootness [is] 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (quoting

*United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)); *see Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 545 (8th Cir. 2018) ("Standing is determined as of the commencement of the lawsuit."); *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1038 (8th Cir. 2000) (noting that developments occurring after the commencement of litigation would be relevant to mootness rather than standing). "A case is moot when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) (quoting *Geraghty*, 445 U.S. at 396). Mootness occurs "when it becomes impossible for the court to grant any effectual relief." *Robinson v. Pfizer, Inc.*, 855 F.3d 893, 897 (8th Cir. 2017).

The parties do not dispute that G.R.X. had standing at the commencement of this litigation. The issue is whether his discharge from the School mooted his claims, thus requiring his dismissal from this action. Plaintiffs argue two exceptions to the mootness doctrine preserve G.R.X.'s claims.

The "inherently transitory" exception acts to preserve claims for review in the context of class actions. The Supreme Court has recognized that some claims are so inherently transitory in nature that a motion for class certification may not be filed and adjudicated prior to the mooting of possibly all of the named plaintiffs' claims. *Geraghty*, 445 U.S. at 399 ("Some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires."); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975); *see Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975). These cases frequently involve classes consisting of rotating populations like those in jails, detention centers, or nursing homes. *See, e.g., Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 49 (1991) (arrestees in pretrial detention); *Olson*, 594 F.3d at 582 (inmates in county jail); *Wade v. Kirkland*,

118 F.3d 667, 669 (9th Cir. 1997) (inmate challenging "chain gain" conditions at county jail); *Thorpe v. D.C.*, 916 F. Supp. 2d 65, 67 (D.D.C. 2013) (nursing facilities). "[W]here a named plaintiff's claim is 'inherently transitory,' and becomes moot prior to certification, a motion for certification may 'relate back' to the filing of the complaint." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 n.2 (2013); *see Cty. of Riverside*, 500 U.S. at 52 ("That the class was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction. . . . In [cases involving inherently transitory claims], the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution."). "Whether claims are inherently transitory is an inquiry that must be made with reference to the claims of the class as a whole as opposed to any one individual claim for relief." *Amador v. Andrews*, 655 F.3d 89, 100 (2d Cir. 2011).

In *Gerstein*, the Supreme Court found that a class had been appropriately certified even though the record did not establish that any of the named plaintiffs were still suffering the pretrial custody conditions of which they complained at the time of the district court certified the class. 420 U.S. at 110 n.11. The Court reasoned:

> The length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain.

*Id.* Indeed, the uncertainty surrounding whether any specific named plaintiff's claim would persist through the adjudication of a motion for class certification has been noted as the predominant rationale for the application of the exception. *See Olson*, 594 F.3d at 582 ("While the ultimate length of confinement does affect the applicability of the 'inherently transitory' exception, the essence of the exception is uncertainty about whether a claim will remain alive for any given

plaintiff long enough for a district court to certify the class."); *Dunn*, 148 F. Supp. 3d at 1340 ("A claim is inherently transitory not only if there *exists* no plaintiff who could both establish standing at the outset of litigation and retain an active stake by the time class certification is decided, but also if it would be difficult to identify *which* prospective plaintiff that would be at the time of filing."); *Thorpe*, 916 F. Supp. 2d at 67 ("The length of any individual's stay in a nursing facility is impossible to predict, so even though there are certainly individuals whose claims will not expire within the time it would take to litigate their claims, there is no way for plaintiffs to ensure that the Named Plaintiffs will be those individuals.").

The Supreme Court's reasoning in *Gerstein* applies here. First, at the outset of this case, it would have been difficult to determine which Plaintiffs' claims, if any, would survive through the litigation of the issue of class certification. Such a determination would require a high degree of predictive abilities—even bordering on clairvoyance—on the part of Plaintiffs. Juveniles can be held at the facility for an indeterminate period of time. The parties present competing statistics with respect to the average amount of time juveniles reside at the School. However, the nature of an average necessarily means that not every juvenile's placement will achieve that benchmark. And though putative class members may exist whose placements were more likely than others to exceed the average, the Court believes the nature of the exception and judicial economy favor review of the claims of the class as a whole. *See Amador*, 655 F.3d at 100. Additionally, the pace at which any given class action proceeds can be subject to a number of factors arising subsequent to the filing of a complaint. Second, regardless of which Plaintiffs serve as class representatives, there will be a constant class of persons at the School suffering the alleged constitutional deprivations.

Other courts have similarly determined that challenges to the conditions at juvenile detention centers involve inherently transitory claims. *See Chief Goes Out v. Missoula Cty.*, No. CV 12-155-M-DWM, 2013 WL 139938, at *6 (D. Mont. Jan. 10, 2013); *J.G. ex rel. F.B. v. Mills*, 995 F. Supp. 2d 109, 121 (E.D.N.Y. 2011); *Christina A. ex rel. Jennifer A. v. Bloomberg*, 197 F.R.D. 664, 671 (D.S.D. 2000). None of the cases Defendants cite in support of their motion were class actions—a fact some of the cases specifically note. *See, e.g.*, *Butler v. Dowd*, 979 F.2d 661, 674 (8th Cir. 1992). The Court concludes Plaintiffs' claims fall within the inherently transitory exception to the mootness doctrine. Thus, G.R.X.'s discharge from the School does not moot his claims.[1]

Plaintiffs additionally argue G.R.X.'s claims are not moot because they are capable of repetition yet evading review. Because the Court concludes that the inherently transitory exception applies, it will not address whether G.R.X.'s claims are capable of repetition yet evading review.

## IV.   CONCLUSION

For the foregoing reason, Defendants' Motion for Partial Summary Judgment is DENIED. [ECF No. 27].

IT IS SO ORDERED.

Dated this 28th day of June, 2018.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court's decision on this issue does not prejudice challenges to G.R.X's status as a class member premised on other grounds.