IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| J.S.X. through his next friend D.S.X., C.P.X. through his next friend S.P.X., and K.N.X. through his next friend Rachel Antonuccio, for themselves and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JERRY FOXHOVEN in his official capacity as Director of the Iowa Department of Human Services; RICHARD SHULTS in his official capacity as Administrator of the Division of Mental Health and Disability Services; MARK DAY in his official capacity as Superintendent of the Boys State Training School, <br><br> Defendants. | Case No. 4:17-CV-00417-SMR-HCA <br><br><br><br><br><br><br><br> ORDER |

In this action, Plaintiffs J.S.X., C.P.X., and K.N.X. allege Defendants Jerry Foxhoven, Richard Shults, and Mark Day engage in unconstitutional and illegal treatment practices toward juveniles with significant mental illnesses at the Boys State Training School ("the School") in Eldora, Iowa.

Defendants sought Independent Medical Examinations ("IMEs") of the named Plaintiffs pursuant to Federal Rule of Civil Procedure 35. [ECF No. 40]. After a hearing, Chief Magistrate Judge Helen Adams denied Defendants' motion. [ECF No. 61]. Defendants object to several of the findings in Judge Adams's Order. [ECF No. 66]. As explained below, the Court OVERRULES Defendants' objections.

I. BACKGROUND

The School is a state facility for juveniles who have been adjudicated delinquent. Iowa Code § 232.52(2)(e). Plaintiffs are juveniles currently residing at the School who have been diagnosed with significant mental illnesses. [ECF No. 33 ¶¶ 11–13, 25–27, 39–41]. Plaintiffs seek to represent a putative class of juveniles "who are confined to [the School] now or in the future, and who have a significant mental illness or emotional impairment, as determined by a mental health professional." *Id.* ¶ 194. "All residents of the School with diagnoses for a mental health condition specified in the DSM-IV or DSM-5 are members of the class," as are residents who receive "psychotropic medications." *Id.* Plaintiffs allege Defendants: (1) fail to provide adequate mental health treatment to the juveniles at the School; (2) improperly subject juveniles at the School to psychotropic medications without appropriate consent or monitoring; and (3) improperly and unnecessarily subject juveniles at the School to solitary confinement and physical restraints. *Id.* ¶¶ 82–192. The action seeks injunctive relief barring the alleged practices. *Id.* at 63.

Defendants sought "comprehensive mental health evaluations (full psychological evaluations)" of Plaintiffs to be performed by Dr. Tracy Thomas. [ECF No. 40 at 1]. Defendants did not specify the types of tests Dr. Thomas would administer and proposed allowing her to develop her own assessment inclusive of relevant psychological tests as determined by her professional judgment. *Id.* at 2. She estimated the evaluations would last a full day, with appropriate breaks, for each named Plaintiff. [ECF No. 40-1 at 6]. Dr. Thomas previously evaluated G.R.X., a former Plaintiff,[1] and the parties agreed Dr. Thomas might be a witness at

---

[1] G.R.X. has been voluntarily dismissed from this case by agreement of the parties. [ECF Nos. 107; 108].

trial. [ECF No. 61 at 2]. Plaintiffs resisted Defendants' motion and submitted an affidavit from a social worker who asserted that the proposed evaluations were not consistent with professional norms. [ECF Nos. 42; 42-1].

In her Order, Judge Adams found that Plaintiffs' mental health is at issue in this case. [ECF No. 61 at 3]. However, she determined that Defendants had not established good cause for the examinations. *Id.* at 4. "Defendants have failed to show what is missing from the existing [medical] records." *Id.* Hence, she concluded that "[t]he record before the Court does not contain enough information for the Court to find good cause to order Rule 35 IMEs." *Id.* Judge Adams further found that Dr. Thomas would be an inappropriate examiner for a future IME. *Id.* at 5. Her Order concluded:

> The Court does not intend this Order to prohibit Defendants from moving for an IME in the future on a fuller record. The Court needs to know what specific information the existing mental health records lack, what type of information Defendants seek from the additional testing, what tests Defendants' expert intends to administer, and what other procedures (length of examination, location, identity of examiner) Defendants intend to employ. Defendants should also be specific about what safeguards their expert would use to ensure that the examination does not harm Plaintiffs.

*Id.* at 5–6.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, the district court must review the order "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395

(1948)); *see Ostenfeld ex rel. Estate of Davis v. Delo*, 115 F.3d 1388, 1393 (8th Cir. 1997); *Progressive Cas. Ins. Co. v. F.D.I.C.*, 49 F. Supp. 3d 545, 549 (N.D. Iowa 2014). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

### III. ANALYSIS

Defendants object to the following findings in Judge Adams's Order: (1) that Defendants failed to show good cause justifying the requested examinations; (2) that Dr. Thomas would be an inappropriate examiner; and (3) that Defendants failed to provide sufficient information regarding the proposed IMEs. [ECF No. 66 at 1].

Federal Rule of Civil Procedure 35 allows district courts to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Any such order "may be made only on motion for good cause" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). Thus, a party seeking an examination pursuant to Rule 35 is required to show: (1) that the mental or physical condition of the party to be examined is "in controversy" and (2) "good cause" supports the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117–18 (1964).

> [These requirements] are not met by mere conclusory allegations of the pleadings—nor by mere relevancy to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. . . . The ability of the movant to obtain the desired information by other means is also relevant.
>
> Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a . . . physical examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' which . . . are necessarily related.

*Id.* at 118–19. "[E]ven when good cause is shown, whether to order a proposed examination is committed to the discretion of the court." *Peters v. Nelson*, 153 F.R.D. 635, 637 (N.D. Iowa 1994).

As Judge Adams determined—and the parties do not presently dispute—Defendants established the first of Rule 35's two requirements. Plaintiffs' mental condition is in controversy in this action. The Court will proceed to examine whether Judge Adams's determination that Defendants failed to establish the requisite good cause was clearly erroneous or contrary to law.

"'Good cause' requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere." *Hill ex rel. Hill v. McNairy Cty. Bd. of Educ.*, 229 F.R.D. 563, 568 (W.D. Tenn. 2004); *see Schlagenhauf*, 379 U.S. at 118. ("The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant . . . by adding the words 'good cause' the Rules indicate that there must be greater showing of need under Rules 34 and 35 than under the other discovery rules." (quoting *Guilford Nat. Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962))). A "purpose of Rule 35 examinations is to 'level the playing field' for the parties." *Ren v. Phx. Satellite Television (US), Inc.*, 309 F.R.D. 34, 36 (D.D.C. 2015) (quoting *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 363 (D. Colo. 2004)).

First, Defendants' argument that previous examinations of Plaintiffs were conducted for other purposes rather than to respond to the allegations of this lawsuit is unpersuasive. Defendants' own staff has conducted previous examinations of Plaintiffs, and Defendants possess the records related to those examinations. Nevertheless, Defendants assert they are entitled to "a comprehensive evaluation of the Named Plaintiffs['] mental health history." [ECF No. 66]. Medical records seem expressly designed to provide a comprehensive view of a patient's medical history. As of yet, Defendants have been unable to articulate what specific information they need that is not available to them.

In support of their objections, Defendants cite *Doe v. District of Columbia* where a district court granted a motion for a Rule 35 examination of a minor plaintiff. 229 F.R.D. 24, 28 (D.D.C. 2005). The court found that good cause existed for the examination because previous examinations amounted to no more than "incomplete snapshot[s]" that were insufficient for the "defendant to ascertain the nature and extent of the injuries" resulting from the alleged sexual abuse of the plaintiff while in the defendant's custody. *Id.* at 27.

However, in *Doe*, the court was able to compare the information the defendant sought with the information available from medical records and depositions. *Id.* at 27–28. The court distinguished authority in which Rule 35 motions were denied because the movants in those cases had ordered and performed previous examinations and the movants failed to show that the new examination would not be repetitive. *Id.* at 27. As Judge Adams noted, Defendants have neither shown how the previous examinations were deficient nor what new information these examinations would produce that would likely remedy that deficiency.

Moreover, *Doe* noted that the plaintiff "ha[d] not made an independent showing that harm will result from submitting him to an IME." *Id.* at 28. Plaintiffs submitted an affidavit from Mike

Koch, a licensed social worker, who provides mental health services to children and families. [ECF No. 42-1]. Koch asserted that the proposed examinations deviated from professional norms and could lead to inaccurate results or the retraumatization of Plaintiffs. *Id.* at 4. Defendants only response, both before this Court and Judge Adams, to Koch's affidavit has been to argue that it should be given little weight. Thus, Koch's assertions remain essentially unrebutted by Defendants. The Court therefore finds fault with Defendants' statement that, as in *Doe*, Plaintiffs have made no independent showing that the proposed IMEs pose any risk of harm to Plaintiffs.[2] *See* [ECF No. 66 at 6]. Plaintiffs have—and Defendants have ignored it.

Accordingly, the Court finds Judge Adams's good cause determination was not clearly erroneous or contrary to law. The lack of specificity with respect to the information Defendants seek and their failure to show an inability to uncover that information by other means provided sufficient bases for the conclusion that Defendants had not shown good cause for the examinations.

The Court likewise affirms Judge Adams's determination that Dr. Thomas would be an inappropriate examiner in this case. The parties agreed that Dr. Thomas might be a witness at trial. Judge Adams noted that the record contained a letter alleging that the School had failed to provide treatment to G.R.X. that Dr. Thomas had recommended and that she would likely be called to provide testimony with respect to those facts. Judge Adams's determination that Dr. Thomas should not serve as both an expert and a fact witness was within her discretion as a magistrate

---

[2] The Court wishes to note that it has given no consideration to Plaintiffs' assertions that the proposed examinations would not be therapeutic in nature. Rule 35 examinations are conducted for discovery purposes. Although the Court does not want to order potentially harmful examinations, there is no requirement that Rule 35 examinations be beneficial to the parties to be examined.

judge. Defendants do not identify any legal basis for a conclusion that such a determination was clearly erroneous or contrary to law, hence the Court will not disturb it.

Finally, the Court takes issue with Defendants' suggestion that either Plaintiffs or the Court should articulate the information missing from Defendants' motion. *See* [ECF No. 66 at 9]. That responsibility lies squarely with Defendants. Judge Adams's Order invited a more developed Rule 35 motion and suggested the types of information Defendants could provide that would be helpful to the Court. Defendants have so far declined to file a supplemented motion. They argue they have sufficiently identified the intended scope of any examinations in that the scope would be "comprehensive." *Id.* at 10. As Judge Adams found, Defendants' inability to specifically identify the information they purportedly need to defend this suit undermines their claim that the examinations are actually necessary. Defendants also argue that courts have granted Rule 35 motions with less information. However, whether to order Rule 35 examinations is a case-specific inquiry committed to the sound discretion of the district court. *Hansen v. Savage Arms Co.*, No. 17-CV-3002-LTS, 2017 WL 6376342, at *2 (N.D. Iowa Dec. 13, 2017); *see* Fed. R. Civ. P. 35(a) ("The court . . . *may* order a party . . . to submit to a physical or mental examination . . . .") (emphasis added). Additionally, "[m]ental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule." *Schlagenhauf*, 379 U.S. at 121. Defendants have failed to respond to concerns with the length of the examinations, the types of examinations, the examiner, harm that may result from the examinations, and the need for the examinations in light of those previously conducted. The Court sees no error in requiring Defendants to address those issues before IMEs are ordered.

The Court concludes that Judge Adams's Order was not clearly erroneous or contrary to law and will overrule Defendants' objections. This Order, like that of Judge Adams, does not

prejudice Defendants from seeking Rule 35 examinations that sufficiently ground the need for the examinations within the context of this case.

## IV. CONCLUSION

For the foregoing reason, Defendants' objections are OVERRULED. [ECF No. 66].

IT IS SO ORDERED.

Dated this 20th day of July, 2018.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT