| Policy & Procedures<br><br>Department of Human Services | Part 2 | Security and Safety |
|---|---|---|
| | 2A | Security and Control |
| | 2A-12 | Security Restraints |
| | Juvenile Training School (fourth edition) – 2A-17; 2A-18M; 2A-29M; 4C-47M | |
| | Review/revision dates - 08/09; 5/11/10; 8/26/11; 8/28/12; 7/3/13; 7/16/14; 10/22/15; 8/22/16; 9/20/16; 1/9/17; 10/18/18; 2/28/19; 3/4/20; 4/9/20; 6/19/20; 10/##/20 | |

## POLICY

Use of physical or mechanical security restraints shall only be used after less intrusive methods of security control and behavioral management have been tried and failed or would be unsafe given the student's acute risk. They shall be applied only with the approval of the State Training School (STS) Superintendent or designee. They shall not be used as punishment, for staff convenience, or to coerce a student to take action he is resistance to.

Use of security restraint shall only be used as a last resort to manage serious and immediate risk of physical harm to a person, or for transporting students who are determined to be a flight or violence risk. It is the practice of the STS to assess the need for security restraints and identify alternative methods to ensure safety and security. If alternative methods are unsuccessful and/or security restraint is deemed necessary, appropriate monitoring and documentation shall be provided to assure the safety and well-being of the student at all times while in restraint. The student's rights and dignity shall be supported and maintained.

## GENERAL

DEFINITIONS:

After dark security restraint: use of mechanical restraint when transporting a student on-campus between 6:00 pm and 6:00 am daily. Security restraint is used to prevent runaway or aggressive behavior during transport. Security staff may use their discretion to determine if this transport can be safely and effectively managed without the use of security restraint. They must use the least restrictive mechanism possible to maintain safety of students and staff.

Black belt mechanical restraint: is a **prohibited** canvas waist/belly band with hand cuffs that was previously used during transport for students with identified risk of elopement or violence as noted in Rite Track and approved by the Security Director.

Chemical restraint: is the use of a medication to control extreme behavioral symptoms. A drug used for restraint means any drug that;
    a. Is administered to manage an individual's behavior in a way that reduces the risk to the safety of the individual or others;
    b. Has the temporary effect of restricting the individual's freedom of movement; and

**Policy 2A-12 SECURITY RESTRAINTS**
Page **2** of **10**

  c. Is not a standard treatment or dosage for the individual's medical or psychiatric condition.

  Chemical restraint does not include medications that comprise the student's regular, prescribed medical regimen that is part of the student's treatment plan. Medication that is used to control on-going behavior is not considered chemical restraint.

  ***NOTE: Chemical restraint is not allowed to be used at the STS.***

Guided escort: is mild, physical contact between staff and a student to provide support and direction, such as a hand on the elbow or light pressure on the back.

Health personnel: includes medical, nursing, psychiatric, or mental health staff employed by the STS.

Major property destruction: includes property damage that is likely to result in serious and immediate physical harm to a person or severely compromise the integrity of property necessary to ensure the safety and basic needs of students.

Mechanical restraint: is the use of any authorized mechanical device, material, or equipment that is attached to or adjacent to the student's body that the student cannot easily remove that restricts the student's freedom of movement or normal access to the student's body.

Personal protective equipment (PPE): specialized equipment for persons that may be used as necessary to protect people from contagion of infectious diseases. This includes, but is not limited to, masks, face shields, gowns, and gloves.

Physical restraint: is the use of STS authorized physical holds used by staff that restricts the student's freedom of movement or normal access to the student's body.

Prone restraint: is restraining a student in a face down position where the front part of the student's body lies upon the ground or another object, or faces the ground for more than a few seconds.

Physical assault protections: is specialized equipment for staff to use upon approval during room extractions or other situations requiring protection from others. This includes, but is not limited to, a helmet, chest guard, shin guards, arm guards, and a shield.

Security restraint: is any physical contact between staff and a student or use of mechanical devices, or equipment to immobilize or reduce the ability of a student to move his arms, legs, body, or head freely for the purpose of ensuring the security of the student and others.

The wrap restraint: is a **prohibited** mechanical restraint device that consisted of a mattress on a metal frame with various Velcro straps that was previously located in a seclusion room in the Corbett-Miller Hall (CMH) building.

Transport restraint: is the use of security mechanical restraint when transporting a student off-campus (e.g. medical appointments, court hearings) to prevent runaway or aggressive behavior during transport.

**PROCEDURE**

I. Administrative, management, and direct care staff shall complete annual training in de-escalation techniques and training and practice approved techniques for physical or mechanical restraint. Only staff who have successfully completed the required training are authorized to use restraints.

II. Staff shall use the least amount of external management or physical contact necessary to control the situation and only use security restraint as a last resort when less restrictive means, including evidence-focused behavioral management techniques have been tried but unsuccessful, or would otherwise be unsafe to attempt given the student's acute risk.

III. Acceptable methods of physical or mechanical restraint are limited to the following:

   a. Physical restraint holds used by staff consistent with the facility's approved behavior management program;

   b. Plastic wrist and/or leg restraints; or

   c. Approved mechanical wrist and/or leg restraints.

IV. Prohibited methods of restraint are considered as follows:

   a. Any type of chemical restraint;

   b. Prone (face down) restraint. Staff persons who find themselves involved in the use of a prone restraint when responding to an emergency must take immediate steps to end the prone restraint;

   c. Use of any restraint device around the student's neck;

   d. The wrap restraint;

   e. The black belt mechanical restraint; and/or

   f. Any type of fixed mechanical restraint unless approved in advance by the Court of the Southern District of Iowa.

V. In situations when a student's behavior or the student's effect on the behavior of other students becomes potentially dangerous, staff may use contact through the use of a guided escort to move the student to an area that provides greater safety and security for all involved. This shall include approved escort and transport techniques taught in the behavior management training.

VI. De-escalation and/or pre-restraint counseling shall be used prior to the application of security restraint except in those circumstances where to delay application of restraint would put students or staff at serious and immediate risk of physical harm.

VII. The use of security restraint shall be authorized prior to the application of the restraint except in situations where immediate restraint is necessary to protect any individual from serious and immediate physical harm. If prior authorization is not possible, the authorization shall be obtained immediately after the restraint is released. A security restraint shall be authorized by the Superintendent or one of the following designees:

   a. Deputy Superintendent

   b. Treatment Services Director

   c. Treatment Program Administrator

   d. Duty Superintendent

   e. Youth Counselor Supervisor

   f. Security Director

VIII. Physical and/or mental health personnel, as clinically indicated, shall review records to determine any contraindicated issues for use of restraint and provide guidance for restrictions and accommodations.

IX. Physical and/or mechanical restraint must be applied with a student in a standing position whenever possible. On those occasions when the circumstances of the restraint result in a prone (face down) position, staff shall follow the techniques trained in the approved behavior management program and take steps to immediately return the student to a non-prone (upright) position.

X. Physical or mechanical security restraint, when needed to ensure the immediate physical safety of the student, staff, or others, shall be authorized only for the following reasons:

   a. Protection of others:

       i. Protection of other students;

       ii. Protection of the student from self-harm; and/or

       iii. Protection of staff and any others at risk.

   b. Protection from major property destruction; and/or

   c. Prevention of escapes.

XI. The following shall be completed when there is a security restraint:

    a. A staff person using security restraint shall notify a Youth Services Technician (YST).

    b. The YST shall notify the nursing department.

    c. The YST shall notify the Duty Superintendent.

    d. The YST shall notify the Mental Health Authority or designee.

    e. Staff shall take restraint photographs (as allowed by student) and post them with the student's name on the StaffShare.

    f. Follow all policies/procedures for use of security restraints including ensuring all required documentation is completed before leaving the shift for the day.

XII. <u>Mechanical Restraint</u>:

    a. Mechanical restraints shall be used only when authorized staff determines that physical restraint is not appropriate and failure to use mechanical restraint would likely result in serious and immediate physical harm to a person.

    b. The following staff shall be designated to authorize use of wrist and leg restraints (both mechanical and plastic) in emergency situations when there is immediate threat to a student, staff, or others:

        i. Superintendent

        ii. Deputy Superintendent

        iii. Treatment Services Director

        iv. Treatment Program Administrator

        v. Security Director

        vi. Duty Superintendent

        vii. YSTs

        viii. Night Staff Supervisors [Public Service Supervisor (PSS)]

    c. Staff may utilize security mechanical restraint on a temporary basis for security/safety purposes as a means to prevent escape or harm to persons when moving students on-campus, during transport of students on- or off-campus who are considered a flight risk or high risk for assaultive/aggressive behavior, or when the transport on-campus occurs between 6:00 pm and 6:00 am. Security restraints shall only be used consistent with STS policies and practices as taught to staff in training.

    d. Mechanical restraints may be used in 15 minute increments to ensure the safety of students and staff. Mechanical restraints shall be removed as soon as staff determine the serious and immediate risk of physical harm is minimized. The student's verbal/non-verbal behavior shall be the criteria used in assessing his stability. If a student asserts that they will be physically aggressive if removed or physically assault staff during removal, restraints may continue to be utilized as per this policy. Reviews of safety shall be on-going and restraints shall be removed as soon as it is physically safe to do so.

    e. Less restrictive treatment options shall be discussed and implemented as soon as possible.

    f. A student in mechanical restraint shall be under constant visual supervision by a direct care staff while the student is in any type of mechanical restraint. Constant visual observation shall be the moment-to-moment visual observation by the staff that is physically present with and shall maintain a direct line of sight to the student.

XIII. Staff shall, by the end of the employee's work shift, document use of security mechanical restraint for transport away from campus in a Restraint Report in Rite Track.

XIV. Staff shall, by the end of the employee's work shift, document use of security mechanical restraint during transport on-campus between 6:00 pm and 6:00 am in a Restraint Report in Rite Track.

XV. The Security Director or designee shall be notified as soon as the situation allows for post-restraint authorization. Post-restraint authorization shall occur as soon as possible following the restraint action.

XVI. <u>Physical Assault Protections:</u>

    a. Physical assault protections and PPE may be used when necessary to protect the safety of persons during room extractions or other situations where physical violence is significantly likely to occur and less protections would be unsafe to persons.

    b. Use of physical assault protections require advance approval by the Superintendent or Deputy Superintendent.

    c. All YSTs, night supervisors (PSS), and night rovers shall be trained annually in the use of physical assault protections and room extraction protocol.

    d. YSTs, PSS, the Treatment Services Director, and the Security Director will have access to the physical assault protections equipment.

    e. The Department of Human Services (DHS) Mental Health and Disability Services (MHDS) Division Administrator - Facilities, shall be notified within two (2) hours of the use of physical assault protections for room extraction or other safety and security purposes.

  f. Use of the physical assault equipment for room extractions shall be documented in the Restraint Report in Rite Track.

XVII. Restraints shall be released/removed as soon as possible. Restraint shall be terminated immediately when the individual's behavior is no longer a security risk or a serious and immediate risk of physical harm to a person. These requirements exist regardless of the student's precipitating act or behavior (e.g. violence against staff or student).

XVIII. Students shall not be directed and/or encouraged to assist in any incidents of restraint of another student. If a student nonetheless comes to the aid of staff and/or other students, and becomes physically involved, then the student shall be required to complete the Student Assisted Restraint form (872-0440-E Rev. 4/16) found on the STS Intranet site in the documents section. The completed form shall be downloaded into the restraint report in Rite Track. The hard copy shall be placed in the restrained student's main file. These reports shall be completed as soon as possible on the same day as the restraint.

XIX. <u>Post Restraint</u>:

  a. Students that are restrained shall be photographed (as the student allows) in the area of the body to which restraint was applied.

  b. Nursing staff shall, as soon as possible, and no later than twelve (12) hours, complete a post-restraint medical assessment and determine if further medical intervention is needed. The on-call nurse may be contacted as needed after hours. Student injuries shall be documented on the Restraint Report and the electronic student medical file in Rite Track. If a serious injury is suspected, emergency medical responders shall be called immediately and the student shall be transported to the most appropriate regional medical facility. For non-emergency treatment of injuries incurred during a restraint action, the STS nursing department shall schedule an appointment with an approved medical practitioner.

  c. Staff injured during a restraint shall, no later than the end of their work shift, be examined by nursing personnel and/or other medical personnel. Photos shall be taken of the injuries and the staff person shall be required to complete the Employee Injury Report (872-0003-E rev. 1/19) found on the STS Intranet site in the forms link. For serious injuries requiring emergency treatment, the injured staff person shall be transported to the nearest medical facility if emergency medical attention is required.

  d. For non-emergency treatment of injuries incurred during a restraint action, the STS personnel office shall schedule an appointment with an approved worker's compensation doctor.

XX. <u>The following reports shall be completed, when applicable, by staff involved in an incident of security restraint prior to the end of the work shift</u>:

    a. Restraint reports in Rite Track shall be completed by the responding YSTs. All other staff involved in the application of restraints shall review and sign the Restraint Report.

    b. Although student involvement in restraining another student is not allowed or encouraged, if it nonetheless occurs, the intervening student(s) shall complete the Student assisted Restraint form (872-0003-E rev. 11/17) found on the STS intranet site in the Forms folder. The completed form shall be sent to the Treatment Program Administrator and downloaded into the Rite Track report.

    c. Any staff injured in a restraint incident shall be required to complete the Employee Injury Report (872-0003-E rev. 1/19) found on the STS Intranet site in the Forms folder. Electronic copies shall be sent to personnel and to the Treatment Program Administrator.

    d. Subsequent to each restraint (except restraint for transportation or after dark), the restrained student's counselor will conduct a debriefing that will involve, at a minimum, the student and the primary staff involved in the restraint. This debriefing will focus primarily on the behavior that preceded the restraint, as well as the circumstances that gave rise to the escalation occurring so the student may learn from this incident and be better equipped to avoid the need for restraints in the future. This shall be documented in the Restraint Report in Rite Track.

XXI. The following staff shall receive notification by email of Rite Track reports of all incidents of security restraint:

    a. Superintendent

    b. Deputy Superintendent

    c. Treatment Program Administrator

    d. Treatment Services Director

    e. Nursing staff

    f. Mental Health Authority / Director of Mental Health Department

    g. Duty Superintendent or supervisor authorizing the restraint

    h. Staff involved in the security restraint

XXII. <u>Quality Assurance, Improvement, and Oversight:</u>

    a. The Treatment Program Administrator (or designee) shall review all documentation associated with each restraint. The review shall include adherence to existing policies, proper completion of all required documentation, a review of the

      documented support to evaluate the need for the restraint and review of student or staff injuries.

    b. The Superintendent, Treatment Program Administrator, Treatment Services Director, and the DHS MHDS Division Administrator - Facilities, shall be notified of any concerns regarding the application, justification, or documentation of an individual or group of restraints. The Superintendent, Deputy Superintendent, Treatment Program Administrator(s), Director of Security, and Treatment Services Director shall initially review and evaluate these restraint issues and report to the DHS MHDS Division Administrator – Facilities on a weekly basis. The Treatment Services Director and Treatment Program Administrator(s) shall address any necessary corrective action with the facility staff that they supervise.

    c. STS staff will submit data of all non-transport related restraints to the DHS MHDS Division Administrator - Facilities, who will review the data on a monthly basis. This data shall include both individual (student specific) and aggregate (total student) tracking.

    d. Restraint policies at the STS are in accordance with guidelines approved by the local contract health authority. Additional protections may be afforded by consulting a physical health or mental health provider to review and identify any physical, emotional, or otherwise contraindicated reasons for using restraint.

**REFERENCES**
- Student Assisted Restraint 872-0440-E (rev. 08/20)
- Employee Injury Report 872-0003-E (rev. 07/20)

**Approved:**

_____          _____
**Wendy Leiker, Superintendent**                                **Treatment Program Administrator (Mental Health)**
**State Training School**

                                                                                          _____
                                                                                          **EFFECTIVE:**

**SUMMARY OF REVISION/REVIEW**
Revised numbering and heading 8/10/09
Added references to restraint chair 8/26/11
Changed referent to PIRT to Handle With Care 7/3/13
Reference reporting on Rite Track 7/3/13
Discontinued black belt 7/3/13
Removed reference to restraint application 2/18/14
Policy reworked and renamed 5/30/14
Rewording on Part IV 7/16/14

**Policy 2A-12 SECURITY RESTRAINTS**
Page **10** of **10**


Added Part X-documentation of after dark restraint in Rite Track 10/22/15
Reduced time in Velcro restraint wrap 9/15/16
Added parental contact for Velcro restraint wrap 1/9/17
Added section XXV-XXVII Personal Protective Equipment 10/18/18
Added sections on Velcro restraint wrap: YST's present every 20 minutes; YSTs prepare for removal at 45 minutes; DS notified at every wrap application; DS ensure wrap removal at 45 minutes; new restraint application will reset the one hour use 2/28/19
Revised section on black belt 3/4/20
Removed use of the wrap mechanical bed restraint 4/9/20
Revised document to be consistent with Remedial Plan, limited use for transportation only 6/19/20
Revised document to remove black belt restraint as of 10/##/20